United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No: 23-20152

v.

Hon. Mark A. Goldsmith

Jack Eugene Carpenter III,

        Defendant.

_____/

## United States' Reply Brief in Support of a Competency Evaluation

Undersigned counsel are not doctors and do not take a position on Carpenter's competency. But attorneys *do* have a professional duty to move for a competency evaluation if they have a "good faith *doubt* as to the defendant's competence." *United States v. Jackson*, 179 F. App'x 921, 933 (6th Cir. 2006) (emphasis added) (unpublished). Counsel for the United States have a good faith doubt as to Carpenter's competency and therefore respectfully request that the Court order that Carpenter be placed in the custody of the Attorney General to undergo an examination to determine his competency to stand trial.

While it is certainly possible that Carpenter is competent, his behavior and symptoms raise a "reasonable cause to believe that [he]

1

may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

For example, Carpenter named himself sovereign of his own territory—the "King of Israel"—and said that there were several government plots to kill him. Delusions and "paranoid delusions" are symptoms that judges have used in finding a defendant incompetent. *See, e.g.*, *United States v. Bergrin*, 885 F.3d 416, 418 (6th Cir. 2018). And paranoid schizophrenia runs in Carpenter's family, according to his mother, and the defendant is suffering from these same symptoms. Paranoid schizophrenia can also render a defendant incompetent. *See, e.g.*, *United States v. Grigsby*, 712 F.3d 964, 965 (6th Cir. 2013). Rather than guessing, an examination is necessary to determine Carpenter's competence.

And now is the appropriate time to evaluate Carpenter's competence because the "failure to order a hearing when the evidence raises a sufficient doubt as to a defendant's competence to stand trial deprives a defendant of due process of law." *United States v. White*, 887

2

F.2d 705, 709 (6th Cir. 1989) (citing, e.g., *Pate v. Robinson*, 383 U.S. 375, 385 (1966)). Carpenter may receive a retrospective competency evaluation at any time between now and sentencing. *See, e.g.*, *United States v. Dubrule*, 822 F.3d 866, 873 (6th Cir. 2016). If later found incompetent, the proceedings between now and then may be for naught. Thus, given the present good faith doubt as to the defendant's competence, an examination is appropriate.

The government does not object to the defendant's request for a 60-day delay in the competency evaluation.

## Conclusion

For these reasons, the government respectfully requests that the Court order that Carpenter be placed in the custody of the Attorney General to undergo a psychiatric or psychological examination to determine his competency to stand trial.

          Respectfully,

          DAWN N. ISON
          United States Attorney

          *s/ Hank Moon*
          Hank Moon
          Assistant United States Attorney

*s/ Frances Carlson*
Frances Carlson
Assistant United States Attorney

Date: April 4, 2023

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2023, I filed the foregoing document on the ECF system, which will send notice J.P Nogues, attorney for Jack Eugene Carpenter III.

*s/ Hank Moon*
Hank Moon
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-0220
E-Mail: hank.moon@usdoj.gov