UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CR. NO. 23-20152

v.                                    HON. MARK A. GOLDSMITH

JACK EUGENE CARPENTER, III,

        Defendant.
_____/

**STIPULATION AND ORDER TO
EXTEND SCHEDULING ORDER**

      IT IS HEREBY STIPULATED AND AGREED UPON between the above parties, through their respective counsel, to request this Honorable Court to grant a 45-day extension of Defendant's Motion cutoff date of April 6, 2023, Plea Hearing/Final Pretrial Conference date of April 20, 2023; and Jury Trial date of May 8, 2023.

      THE PARTIES FURTHER STIPULATE and jointly move for the Court to find that the time for this adjournment qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7), because the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are:

      1.     A pending motion by the Government calling Defendant's legal competency into question precludes the parties' ability to discuss possible non-

trial resolutions to this case. A hearing on that motion is set for April 19, just one day before the scheduled Plea Hearing.

2. The parties need additional time to review discovery, materials, properly analyze the case, conduct investigation into the matter, and determine the proper course of action, including determining what, if any, pretrial motions should be filed, and to adequately prepare for trial.

3. Mr. Carpenter does not object to the adjournment.

IT IS FURTHER STIPULATED that 18 U.S.C. § 3161(h)(8)(A) provides that the trial court may grant a continuance whereby a period of time shall be excluded in computing time within which a trial shall commence, where the Court finds by oral or written record that the ends of justice are served by such an action outweigh the best interest of the public and the defendant in a speedy trial. The factors that the Court should consider in granting such a continuance are listed, in part, in 18 U.S.C. 3161 (h)(7)(B)(iv). This case is of the type that warrants a grant of a continuance. Failure to grant a continuance would unreasonably deny counsel for the defendant and the government the reasonable time necessary for effective preparation for trial, considering counsels' exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, the ends of justice for all parties would be served by a continuance.

Respectfully submitted,

s/ Hank Moon (*w/consent*)  
Assistant U.S. Attorney  
211 W. Fort St., Ste. 2001

s/ Jean Pierre Nogues  
Assistant Federal Defender  
Attorney for Jack Carpenter

Detroit, MI 48226             613 Abbott St., Ste. 500
Hank.Moon@usdoj.gov     Detroit, MI. 48226
                                             JP_Nogues@fd.org

Dated: March 30, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    CR. NO. 23-20152

v.                                    HON. MARK A. GOLDSMITH

JACK EUGENE CARPENTER, III,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on April 5, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                              Hank Moon
                              Frances Lee Carlson
                              Assistant United States Attorneys
                              United States Attorney's Office
                              211 W. Fort Street, Suite 2001
                              Detroit, Michigan 48226

                              **FEDERAL COMMUNITY DEFENDER**
                              **EASTERN DISTRICT OF MICHIGAN**

                              s/Jean Pierre Nogues
                              JEAN PIERRE NOGUES
                              Attorney for Defendant
                              613 Abbott Street, Suite 500
                              Detroit, Michigan 48226
                              (313) 967-5840
                              E-mail: jp_nogues@fd.org
                              NYS OCA# 5099379

Dated: March 30, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,               CR. NO. 23-20152

v.                                HON. MARK A. GOLDSMITH

JACK EUGENE CARPENTER, III,

        Defendant.
_____/

## ORDER GRANTING
## EXTENSION OF SCHEDULING ORDER

Upon stipulation of the parties and the Court being advised as to the premises, the Court finds that finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial as it is the public's and the defendant's best interest to allow counsel for defendant and the government additional time to review discovery, prepare motions, to engage in meaningful plea negotiations, and to effectively prepare for trial, taking into consideration counsel's exercise of due diligence. Therefore, the Court finding that good cause exists to grant said extension;

**IT IS HEREBY ORDERED** that the motion cutoff date of April 6, 2023 be continued until May 22, 2023; that the Plea Hearing/Final Pretrial Conference date of April 20, 2023 be continued until June 6, 2023 at 11:00 a.m.; and that the Jury Trial date of May 8, 2023 be continued until June 27, 2023 at 8:30 a.m.;

**IT IS FURTHER ORDERED** that the time from May 8, 2023 to June 27, 2023 shall constitute excludable delay under the Speedy Trial Act because failure to grant the extension of time would deny Mr. Walker's counsel reasonable time to review the discovery and negotiate with the government so that he can effectively advise the defendant on how to proceed, including whether to file any pretrial motions. Failure to grant the extension of time would also deny the parties reasonable time to prepare motions, and to effectively prepare for trial, taking into consideration counsel's exercise of due diligence. Therefore, the Court finds an adjournment is in the best interests of justice and outweighs the public and the defendant's interest in a speedy trial. 18 U.S.C.§3161 (h)(7)(B)(iv).

**SO ORDERED.**

Dated: April 5, 2023  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge