6

United States District Court
Eastern District of Michigan
Southern Division

FILED
MAY 24 2023
CLERK'S OFFICE
DETROIT

United States of America

v.                                          Case No: 23-20152

Jack Eugene Carpenter III          Hon. Mark A Goldsmith
         Defendant

## Motion to suppress warrant:

For the following reasons the warrant for arrest is tainted and invalid:

1. Failure of affiant to do due diligence to investigate while FBI and DOJ were in possession of evidence to refute claims made in the complaint at the time of filing the complaint.

2. Unlawfully prejudicing judiciary with false or misrepresented information having nothing in relation to the charge claimed in the complaint.

3. Relying on statements from a law enforcement officer while in possession of evidence the law enforcement officer was in violation of State criminal law in regards to the accused and could not be considered reliable.

4. Containing erroneous statements materially affecting a showing of probable cause and unduly creating a prejudice against the accused.

Page 1

## Brief in Support

1. The complaint references the declaration of Sovereignty as well as the fact the accused explained the lack of ability to put the accused through State or Federal court proceedings. Through email and Twitter the FBI and DOJ were made aware in November of 2022 that the US State Department confirmed the legal existence of the nation founded, as well as gave instructions for its Citizens to obtain non-immigrant visas. Including how to reach someone to finish the process by completing an in-person interview with the absence of a consulate. Also the FBI and DOJ were informed that due to the "Unbroken common law rule that the Head of State of a foreign government is immune from civil and criminal courts" that the accused would not seek a visa.

    Agent Nicol either failed to investigate this claim or hid that evidence from the magistrate, but the magistrate also failed to investigate the legality of this claim, and just ignored it. The first of many times this claim is ignored.

2. The FBI and DOJ were made aware through email and twitter that the arrest by Michigan State Police (MSP) for "assault less than sexual" was a false arrest. The accused was arrested after asking to: "Peacefully go to the magistrate to settle a dispute of law" that the MSP was wrong about. He was placed in a cage for several hours and released without seeing a magistrate, told "no charges are filed against you." Then walked out of the Jail to be left an hour away from home in his pajamas with no wallet, money or phone. Since the purpose of arrest is to be taken

without delay, to a magistrate, the arrest used in his complaint was a criminal act committed against his person used as evidence he committed a crime. This is nonsensical, and clearly documented as well as clarified in the twitter feed the FBI was observing. Additionally, this false arrest was entirely unrelated to the accusation and was only mentioned to prejudice the accused.

3. The FBI and DOJ, at the time the complaint was filed, were in possession of an email exchange between the accused and Trooper Daniel (TD) where TD was informed that Mr. Carpenter sent an email to both Washtenaw and Wayne County Sheriff informing them that Jenelle Franklin had committed Domestic Violence and child abuse, that Abbigail Carpenter wrote a letter detailing this abuse, and that neither Sheriff's office investigated these claims. Under Michigan law police have 48 hours to report findings to the county prosecutor. TD also refused to investigate this claim. Instead a PPO Jenelle filed 1 month and 5 days later, while the accused was in Texas, was used to again prejudice the judiciary against the accused. The PPO also had nothing to do with the charge the affiant was alleging.

4. Another claim made having nothing to do with the charge alleged is that the accused was "being investigated for stealing a firearm." To this day he has not been charged for this because it is his firearm that was reported stolen as an act of retaliation by Jenelle Franklin. The accused admitted to having the firearm, and it was in his vehicle. Still to this day, not charged for any theft. Can't steal what you can prove you paid for.

5. The complaint uses lawfully owned firearms that the accused

has owned for ~14 years as evidence of probable cause. It even claims a rifle, that was disabled, was a "Military style weapon." I am not sure what that means since it is not used by any military on the planet, but it sounds scary. What these lawfully owned firearms have to do with proving someone "probably used commerce wrong" is something I am lost on. Unless the FBI agent is using commerce regulation as a criminal statute to exercise administrative law as a Police power. But that would be unconstitutional.

6. Other than section 7 of the complaint, only 4 lines of text contain anything related to the accusation. The rest are either false claims or misrepresentations that the FBI and DOJ possessed evidence they should have known were false or inaccurate, as well as have nothing to do with the legal accusation at all.

Statements made in affidavit supporting warrant of arrest are presumed true but once it is shown that affidavit contains erroneous statements materially affecting its showing of probable cause, warrant is invalid. US v. Morris 477f.2d 657

Affiant has displayed a reckless disregard for true facts.

The arrest itself is further tainted as rule 4(b)(c)(a) was violated as to this day I have not been provided with a copy of a warrant. When asked what I was being arrested for, the officers that threw a concussion grenade at me while leaving a gym said: "I don't know, we are just

helping the FBI guys." Then an FBI agent showed me a badge, said I was being arrested for threats, and tried to get me to waive my rights regarding having my car searched. Then I was stuck in a cell for 4 days. The last thing the agents said to me before leaving me in state custody was to mock me, saying: "See you tuesday" While they laughed and walked out.

On tuesday I was picked up and driven to the FBI Field office, fingerprinted, had my DNA collected, then they interviewed me for an extensive period of time. Later I was asked if I wanted "In and out" for lunch. My order was taken. Then I was driven to the court house to see the magistrate. I was then given a peanut butter and jelly sandwich and 2 apples for lunch.

When arraigning officer is immediately available and detention is prolonged for purpose of eliciting a confession through police interrogation rule 5(a) is violated by the outset. Rogers V. US 330 F.2d 535 Continued inquiry after arrest may be permissible to verify explanations or run down leads but not solely as a means to elicit confession US v. Middleton 344 F.2d 78

This is reason to suppress the interview by the FBI. It's also the 3rd taint to the warrant and arrest that occured.

Jack Carpenter #15172-510
FDC MILAN P.O. BOX 1000
MILAN, MI
48160

Clerk of the court for
Hon. Mack A. Goldsmith
Theodore Levin US courthouse
231 west Lafayette blvd, 5th Floor
Detroit, MI 48226