Eastern District of Michigan
Southern Division

United States v.
Jack Carpenter III.

Case No: 23-20152
Honorable Mark A. Goldsmith

FILED
JAN 23 2024
CLERK'S OFFICE
DETROIT

Rule 12(b)(2) motion to dismiss for lack of jurisdiction Due to International law

Quoting the book "International law" by George Grafton Wilson, Ph.D. and George Fox Tucker, Ph.D.:

§ 21. Recognition of New States

a) State existence de facto is not a question of International law but depends upon the existence of a sovereign political entity with the attributes which necessarily appertain to it. This de facto existence is not dependent upon the will of any other state or states.[54]

[54] The internal acts of a de facto state are valid, whatever the attitude of the international circle.

The entrance of the state into the international statehood, however, depends entirely upon the recognition by those states already within this circle. Whatever advantages membership in this circle may confer, and whatever duties it may impose, do not fall upon the new state until its existence is generally recognized by states within the international circle.

(b)(1) The circumstances of recognition vary. The most numerous instances are in consequence of division which involves the recognition of the existence of more than one state within the limits which had formerly been under a single jurisdiction. This may be preceded by recognition of the belligerency of a revolted community within the jurisdiction of an existing state, or may be preceded by division of an existing state into two or more states. In the first case recognition is a question of national policy.

(3) A state after existence for a period of years may formally be admitted into the family of States. Japan, for centuries a de facto state, was only recently fully admitted into international statehood. Turkey, so long the dread of Europe, was formerly received by the Treaty of Paris, 1856.

(5)(c) The act constituting recognition of a new state may be formal, as by declaration, proclamation, treaty, sending and receiving ambassadors, salute of flag, etc., or informal, by implication through the grant of an exequatur to a consul from the new state, or other acts which indicates an acknowledgment of international rights and obligations... In the United States, the President is for foreign affairs the head of State, and has authority to recognize new states in any manner other than by those acts, which by the Constitution require the advice and consent of the Senate... Justice McLean said, in rendering his opinion in Williams v. Suffolk Insurance Company, "And can there be any doubt that when the executive branch of government which is charged with our foreign relations, shall, in its correspondence with foreign nations, assume a fact in regard to sovereignty of any island or country, it is conclusive on the judicial department?

(e) the recognition of a new state is the recognition of the existence of

certain political conditions. This recognition of the state carries with it the acknowledgement of sovereignty, independence, equality, etc.

(f) From its nature, recognition is irrevocable and absolute, unless distinctly conditional.

(g) The consequences of recognition immediately touch the relations of (1) the recognizing state, (2) the recognized, (3) the parent state if the new state is formed from an existing state, and (4) in a minor degree other states.

(1) the recognizing state is bound to treat the new state in all respects as entitled to the rights and as under duties accepted in international law.

(2) the recognized state is, as related to the recognizing state, entitled to the rights, and under the obligations prescribed in international law. As it is a new person in international law, it is entitled to full personal freedom in entering relations with other states.

(4) The relations of the states other than the recognizing, recognized, and parent states are changed to the extent that they must respect the de facto relations set forth in (1), (2), and (3) above.


As it is explained above, the State I created exists de facto merely because I claimed that it does. I informed the international community in a way that is customary, not required, in order to avoid hostilities and avoid being declared in a belligerent state. When I declared that the original hostilities had ceased, and requested peaceful interaction with the Parent State, the lack of continued

hostility, is agreement under the Law of Nations that a conflict is over. When the US government chose not to openly refuse the end of conflict it assented to the close of hostilities. At that point any aggressive behavior from another sovereign to impede the right of this new lawful person the right to self determination is an unlawful act outside of Jus ad bellum. When the US State Department interacted as if I was a foreign government and walked me through the process to obtain a non-immigrant visa, including providing a way to finish the process without a US consolate in the newly formed nation, they carried out an executive action in a correspondance which assumed a fact of sovereignty that is irrevocable and absolute that was informal, yet binding upon this court.

This action created the basis to claim that the Kingdom of Heaven is not a de facto nation, but a recognized nation. Either way, the laws of the United States recognize that as the Head of State of a foreign nation I am immune from US courts as explained by the US State Department on November 18, 2022. As such, this court lacks jurisdiction over me, and I am being held in violation of the Laws of this Nation. The latter claim being true regardless of status of recognized or de facto. A de facto nation is a sovereign nation simply due to it's desire to be independent without regard to the will of any other states. Congress has expressed its will to deal with de facto nations with diplomacy. As a de facto nation or a recognized nation the right to exist free of the political control of another is inherent, thus necessitates that the Head of State be immune to the laws and courts of any other nation.

This is a matter of fact and law. This Court has already acknowledged the challenge to jurisdiction exists on June 6th, 2023. As such, proceeding without proving jurisdiction in fact exists is a significant error. As is allowing an attorney that stated a conflict of interest to continue to represent me

is a significant issue. The quoted exerpts on International law are valid and applicable to this case while explaining the law I have been claiming for almost 12 months while my attorney claims we "disagree on the law." We do not disagree, he is purposefully preventing this lawful argument from being heard while the US Attorney claims it is evidence of incompetence. They are working in collusion to discredit this argument while preventing it from being placed on the record.

If this is ignored again, I will file the writ of Habeas Corpus with the Supreme Court as I have received instructions and a packet from the Court to do so. I am attaching the questions I will be asking to have answered.

I request this court acknowledge the law, that it lacks jurisdiction and dismiss the case. Also that the attorney assigned is intentionally interfering with my defense. Thank you.

*Jack Carpenter* [signature]

Chapter IX Independence § 38  Strictly, there can be no limitation or restriction of Independence, for it is a recognized principle that independence must be absolute and unalienable. The exercise of the right of independence involves the privilege of making treaties, alliances, contracts, and municipal laws, so far as they do not violate international law or the right of independence as possessed by other states. A state may go to war to maintain its independence.

The behavior of the Justice Dept over the last year is an unlawful act of aggression in violation of international law. This court has a duty to recognize this argument no matter who makes it.

1. Are federal Courts of limited jurisdiction and therefore must assume jurisdiction is lacking until proven otherwise on the record?
2. Can a Federal Court acknowledge a challenge to jurisdiction exists, then proceed without proving jurisdiction because defense attorney claims that defendant will challenge jurisdiction pro se "if" the court finds the defendant competent?
3. If a Federal Court acknowledges a challenge to jurisdiction exists and commands the prosecution to explain why a competency hearing should take place in light of the challenge is the Court's duty to look into a challenge of jurisdiction overcome by the prosecution stating that they are under the impression jurisdiction exists?
4. Can a Court's duty to look into a challenge to jurisdiction coexist with a discretion to allow a hybrid defense or does the duty outweigh discretion?
5. Does a nation exist de facto when a founder decides that it does or when another nation "recognizes" it?
6. What rights belong to a de facto nation?
7. When the executive branch through the US State Department verbally agrees a nation exists under international law and walks a person through the process to obtain a non-immigrant visa to enter onto US soil is that a "correspondance with foreign nations" which "assumes a fact in regard to sovereignty" which constitutes an informal act of recognition that is absolute and irrevocable that is "conclusive on the judicial branch" as explained in Williams v. Suffolk Insurance Company?
8. Is the Head of State immune from the civil and criminal laws of another nation as explained by the US State Department on November 18th, 2022 to the media?

Jack Carpenter
105 East Ice dr
Midland, MI
48642

Legal mail

The writer of this letter
is an inmate of the
Midland County Jail
Midland, MI 48642

Clerk of the Court of
Honorable Mark A Goldsmith
Theodore Levin US Courthouse
231 west Lafayette blvd. 5th floor
Detroit, MI 48226

METROPLEX MI 480
18 JAN 2024 PM 17 L