UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Case No: 23-20152

v.

Hon. Mark A. Goldsmith

Jack Eugene Carpenter III,

        Defendant.
_____/

**United States' Supplemental Brief
Regarding Defendant's Competency**

In order to determine whether the defendant is competent to stand trial, the Court must make certain findings under 18 U.S.C. § 4241(d). First, the Court must find that the defendant is presently suffering from a mental disease or defect. Then, if he is, the Court must find that the mental disease or defect makes the defendant unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(d). As to the second part of the findings, the Supreme Court has clarified that the defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). In determining competence, the Court should consider "several factors, including 'evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial,

1

and any prior medical opinion on competence to stand trial.'" *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).

**I.   Carpenter is presently suffering from a mental disease or defect.**

Bureau of Prisons forensic psychologist Ryan Nybo, Ph.D. provided the only medical opinion to the Court as to whether Carpenter suffers from a mental disease of defect. His opinion is based on over 16 years as a licensed psychologist and his work in the BOP's forensic unit for the past 14 years which includes hundreds of competency evaluations. (ECF No. 92, PageID.504, 510). The Court recognized Dr. Nybo's expertise in the field of forensic psychology. *Id.* at PageID.515.

Dr. Nybo diagnosed Carpenter with Delusional Disorder, Grandiose and Persecutory Types, which is a mental disease recognized by the *Diagnostic and Statistical Manual of Mental Disorders* (5th ed. text rev.) [DSM-5-TR]. (Dr. Nybo Report, p. 7; ECF No. 92, PageID.517). An essential feature of delusional disorder is having one or more delusions. (ECF No. 92, PageID.534). Dr. Nybo described a delusion as "a fixed, false belief that the person holds despite evidence to the contrary." (*Id.* at PageID.534). In his report, Dr. Nybo included the description set forth in the DSM-5-TR of Delusional Disorder, Grandiose and Persecutory Types as lasting at least a month and noting that an individual's "functioning is not

2

markedly impaired and behavior is not obviously bizarre or odd." (Dr. Nybo Report, p. 7). Grandiose type "involves a conviction of having a great talent or insight." (*Id.*). "[P]ersecutory type involves a belief of being conspired against, maliciously maligned, harassed, followed, poisoned or drugged." (*Id.*).

In support of his diagnosis, Dr. Nybo described that Carpenter exhibits a complex system of delusional beliefs (as opposed to a single delusion) that Pfizer is engaged in a conspiracy to have him killed. (ECF No. 92, PageID.534). Dr. Nybo testified about Carpenter's delusions, largely based on Carpenter's tweets and letter-filings[1] with this Court including:

- Pfizer was tied to the Israeli government, which has infiltrated the U.S. government. (ECF No. 92, PageID.530)

- The QAnon websites Carpenter used were sponsored by the U.S. State Department, which was trying to make him out to be a pedophile so that if he is killed by Pfizer or the Israeli government, it would look like a suicide. (*Id.* at PageID.531–32)

- The defendant made the threat in this case to expose Pfizer. (*Id.* at PageID.533)

---

[1] Carpenter also testified and confirmed various statements he has made in his filings with this Court. Some of those statements, which are part of the defendant's delusional belief system referenced by Dr. Nybo, are detailed on pages 10-12 of the government's previously submitted proposed findings of fact.

3

- The CIA paid his girlfriend to make him look crazy. (*Id.* at PageID.534)

- The defendant referred to himself as the king of Israel, god of gods, king of kings, which is consistent with having grandiose type delusions. (*Id.* at PageID.534, 536)

Dr. Nybo described that delusional disorder typically emerges later in life in middle age and is triggered by a stressful event; here, the pandemic, vaccine mandate, and loss of Carpenter's job. (ECF No. 92, PageID.530). The Court should find by a preponderance of the evidence based on Dr. Nybo's expert opinion and the lack of any evidence to the contrary, that Carpenter suffers from a mental disease or defect.

**II.   Due to his delusional order, Carpenter lacks the ability to understand the nature and consequences of the proceedings against him or to properly assist in his defense.**

Dr. Nybo's expert opinion was that Carpenter's delusional disorder impaired his ability to understand the nature and consequences of the proceedings against him or to rationally assist in his defense. *See* Nybo Report, p. 9. While Carpenter may have a factual understanding of this prosecution, he lacks a rational understanding of it. (ECF No. 92, PageID.539). Indeed, Carpenter's views of the proceedings against him are based on his delusional belief system—that he would be exonerated after he exposed the conspiracy between Pfizer and the Israeli

4

government through this case. (*Id.* at PageID.539–40; Dr. Nybo Report, p. 8). In finding that Carpenter's ability to rationally understand the nature and consequences of the proceedings was impaired, Dr. Nybo provided examples of how Carpenter's understanding of the prosecution was largely informed by his delusions. Carpenter explained to Dr. Nybo that his threat "was lawful because the Jews were infiltrating the government and weakening it for money." Dr. Nybo Report, p. 8. As to the prosecution team, Carpenter "expressed the belief that the U.S. Attorney was participating in a criminal conspiracy against him in an attempt to hid crimes and make him 'look crazy.'" *Id.*

According to Dr. Nybo, Carpenter's fixation on his delusions would also prevent him from rationally assisting counsel because his desired defense would be based upon his delusions. *Id.* at 9. As to his defense, Carpenter described that "[a] group of people poisoned 70 percent of the population" and "[my] defense is I can show people who were threatened that I had every legal right to threaten then, and I have the law behind me to support that." *Id*

Carpenter's filings with this Court and his testimony during the competency hearing provide additional evidence of how Carpenter's delusional beliefs impair his understanding of the nature of this prosecution and his ability to assist in his defense. For example, related to the charges and the court proceedings, Carpenter believes:

5

- The government is conspiring to cover-up the crime of using the COVID vaccine as a biological weapon and using these competency proceedings to try to discredit his legal arguments. (ECF No. 28, PageID.94–95; ECF No. 29, PageID.98; ECF No. 53, PageID.264–65l ECF No. 92, PageID.589)

- Carpenter's threat of violence in this case was lawful due to his beliefs about the COVID vaccine and that the U.S. Attorney's Office, the Court, federal law enforcement, and others are criminals within the justice system that Carpenter is trying to ensnare. (ECF No. 29, PageID.97)

- The government filed the motion for a competency evaluation "to cover up a conspiracy regarding the COVID injections that implicates the last two Presidents and their loyalty to a foreign nation." (ECF No. 45, PageID.231)

- The Secretary of Defense is following this prosecution and after Carpenter filed his first motion, the U.S. government declared the COVID emergency over although the "scam" was supposed to go on until October 2024. (ECF No. 72, PageID.391–92; ECF No. 92, PageID.574–75)

Carpenter also lacks insight into his mental health which corroborates that his delusional disorder likely affects his ability to assist in his own defense. *See* Dr. Nybo Report, at 2, 7, 8; *see also United States v. Franklin*, 2022 WL 748181, *5 (E.D. Ky. Feb. 14, 2020) ("Such an inability to engage in personal and situational critical assessment confirms serious mental health concerns that directly impact Defendant's ability to apply facts and legal concepts to his own case and assist in his defense.")

In *Franklin*, the court noted that the defendant's delusions were "intimately entwined with the substance of his case." *Franklin*, at fn. 4. There, the defendant,

6

believed that the prosecution was a targeted conspiracy against him. The district court, in finding the defendant incompetent, reasoned that the defendant's delusional beliefs "fundamentally colors Franklin's entire perception of case-related events and renders him unable to discern facts relevant to a potential defense." *Id.; see also United States v. Krueger*, 2017 WL 2349600, *2 (N.D. Ohio May 31, 2017) (finding that defendant's delusions, which relate to the charges, deprives him of the ability to make competent and informed decisions); *United States v. Ward*, 2011 WL 2785929, *2 (E.D. Mich. July 15, 2011) ("As long as his delusions persist, and he believes the charges revolve around… a conspiracy to coverup wrongdoing on the part of the FBI, Defendant will be unable to understand the courtroom proceedings and meaningfully assist in the preparation of his defense."). So too, is the case with Carpenter. His understanding of the charge against him is "highly influenced" by his delusions. *See* Dr. Nybo Report, p. 9. Defendant's fixation on his delusional beliefs, which are intertwined with the charges in this case, prevent him from rationally understanding and focusing on the issues that are relevant to his defense.

## III.   Conclusion

Based on the evidence before the Court, the defendant is not competent to stand trial because he lacks the sufficient present ability to assist in his defense or to have a rational understanding of the nature and consequences of the proceedings against him.

                        Respectfully,

                        DAWN N. ISON
                        United States Attorney

                        *s/ Frances Lee Carlson*
                        Hank Moon
                        Frances Lee Carlson
                        Assistant United States Attorneys
                        211 W. Fort Street, Suite 2001
                        Detroit, Michigan 48226
                        (313) 226-9100
                        hank.moon@usdoj.gov
                        frances.carlson@usdoj.gov

Date: April 2, 2024