United States Court of Appeals for the Sixth Circuit

3

United States
    Appellee,
v
Jack Carpenter
    Appellant.

Case 23:1661
District Case: 23-20152
Mark A. Goldsmith

FILED
NOV 21 2024
CLERK'S OFFICE
DETROIT

## Notice of Intent to appeal

The District Court was made aware of a conflict of interest in ECF 57 pageID 302 filed 8-15-23 where JP Nogues states: "Your assertion that I am providing ineffective assistance of trial counsel creates a conflict of interest that precludes my representation of you in an appeal. Thus, unless you are willing to withdraw your argument ... I will not be able to make appellate arguments on your behalf as to your non-frivolous competency issue." Instead of filing a motion to withdraw, Defense Counsel has been filing delays in the appeal in hopes to delay it until the collateral order doctrine has no effect as no relief can be provided. Under Eastern District Local Rule 83.20(j), as Mr. Nogues is not a member of the bar of Michigan, and is a "non-local" attorney practicing under local rule 83.20(f) seemingly on a case by case basis under 83.20(e)(3), Mr. Nogues is subject to the Michigan Code of Professional Conduct. Under the Michigan Rules of Professional Conduct 1.7(b) Mr. Nogues was required to file a motion to remove counsel, and under Wood v. Georgia, 450 U.S. 261, 267 (1981); Cuyler v. Sullivan, 446 U.S. 335 (1980); Wheat v. U.S, 486 U.S. 153, 161 (1988); U.S. v Krebs, 788 F.2d 1166, 1172; the Court had a duty to investigate this issue "When" it was made aware on 8-15-23

The Court was made aware of this issue no less than 50 times over ~14 months that it blatantly ignored it's duty to investigate this conflict of interest that is real and concrete, explained by counsel themselves using the words "conflict of interest". See ECF 159 pgID 916-19 for a list, as well as other complaints.

On October 23, 2024 the District Court had a hearing and was unable to find a conflict of interest. For this reason and others, such as ignoring FCR 12(b)(1) and (2) and claiming that the 6th Circuit dismissing an appeal because Mr. Goldsmith refuses to issue a ruling so the 6th Circuit "lacks jurisdiction" was the equivalent of the 6th Circuit ruling the question was meritless, I have requested a mental evaluation for Mr. Goldsmith through 28 USCS § 351(a) as he is either clearly incompetent or clearly ignoring defendant's rights, the law, and Court rules.

Under the principles elaborated in Holloway v. Arkansas, 435 U.S. 475 all orders issued by the Court since 8-15-23 must be reversed, and Defendant needs to be assigned a new judge and Defense Counsel.

Defense Counsel needs to be disciplined under rule 46(c) of appellate procedure. As does US Attorney Hank Moon and Ms. Carlson for failing to report Mr. Nogues's conduct unbecoming a member of the bar under the Michigan Rules of Professional Conduct 8.3.

A stay of the order to send defendant to an Insane Asylum must be issued as defendant was forced to submit to representation by an attorney with a conflict of interest for an 18 USCS § 4247(d) hearing against his wishes, presided over by a judge who is either mentally deficient or clearly corrupt.

Speedy trial days need to be re-tolled as well, as defendant has been imprisoned for ~20 months subject to the behavior of this kangaroo court.

I certify this is two pages in length.     *Josh [signature]*

Jack Carpenter
105 Fast Ice Dr
Midland, MI
48642

The writer of this letter
is an inmate in the
Midland County Jail
Midland MI 48642

Clerk of the Court of
Mark A. Goldsmith
231 W. Lafayette blvd. 5th floor
Detroit, MI
48226

48226-277758

METROPLEX MI 480
1 NOV 2024 PM 4 L