United States
V.
Jack Carpenter III

Case No: 23-20152
Mark A. Goldsmith

FILED
CLERK'S OFFICE
JAN 0 2 2025
U.S DISTRICT COURT
EASTERN MICHIGAN

Defendant's response in opposition to United States Motion for a Competency Evaluation (ECF 20)

### Law

A defendants competence to stand trial depends on "Whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 400, 402 (1960). District Courts must grant a competency motion "if there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." 18 USCS § 4241(a)

Taken as a whole, this means that there must be reasonable cause to believe a mental disease or defect is prevalent to the degree that renders the defendant unable to rationally communicate with counsel where they cannot understand counsel or be understood, or that they are unable to comprehend the proceedings or the consequences of the proceedings. This is not merely suspicion of a mental illness, but a mental illness that is rendering him incompetent.

This means that unless the evidence supports a finding that defendant is unable to communicate and be understood or cannot understand others or cannot comprehend court proceedings, then a motion for competency evaluation is frivolous.

The government's motion is both frivolous and made in bad faith.

If you understand this motion in opposition, then defendant can clearly communicate and be understood. Defendant is refuting the government's request for competency evaluation, citing statutes and case law, so defendant clearly understands the proceeding. At this point, defendant has filed several motions, appeals, petitions for writs of Habeas Corpus and writs of Mandamus, in district court, court of appeals, and appeared on the docket at the US Supreme Court. To claim he cannot communicate or lacks an understanding of process is absurd.

The government presents three claims as evidence a reasonable belief of a mental disease rendering defendant incompetent

1. Beliefs that are religious, or political
2. Defendant challenges the Court's jurisdiction
3. A non-medical expert's opinion of a diagnoses of schizophrenia because they knew a person diagnosed with it in the family, supposedly.

Senate Treaty Document 95-20 and the First Amendment of the US Constitution explain that a person has the right to their beliefs and their opinions. That they can have, and express, any opinion free from the restraint of others. Courts are

not arbitors of the rationality of religious beliefs, political beliefs or opinions. Defendant does not need to elaborate, explain, or attempt to convince the US Attorney, Judge, or State funded Psychologist that his beliefs are rational in order to be "allowed" the right to a trial. We can establish that the US Attorney is practicing religious bigotry and suppression of political speech by claiming anything in these categories renders one incompetent.

The 6th Circuit has ruled in U.S. v Coleman that challenging jurisdiction, whether the argument is irrational, frivolous, or meritless is evidence of competence as it shows defendant understands a court requires jurisdiction to proceed.

A non-medical expert's medical opinion is not evidence of anything, nor does schizophrenia render one incompetent.

The government "moves the Court to order that a competency evaluation be conducted, pursuant to 18 U.S.C. §§ 4241-4247, to determine if 'there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent...'" (ECF 20 pgID 41, paragraph 1).

Taken as a whole, the government does not have a reasonable belief that defendant is incompetent because they want an evaluation to find this reasonable belief. Their evidence is that the defendant understands

that Courts need jurisdiction to proceed. This request is clearly frivolous and in bad faith.

This motion opposing the request for competency evaluation is itself proof of competence.

I certify this is four pages in length

*[signature: Jack Carpenter]*

Jack Carpenter III
#45173-510
M.C.F.P. Springfield
P.O. Box 4000
Springfield, MO
65801

Theodore Levin US Courthouse
Clerk of the Court of
Mark A. Goldsmith
231 W. Lafayette Blvd, 5th Floor
Detroit, MI
48226

Do not read or copy
Legal mail