# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 01/15/2025.

**Case Name:** USA v. Jack Carpenter, III
**Case Number:** 24-2031

**Docket Text:**
ORDER filed : The appeal is therefore DISMISSED for lack of jurisdiction (non-final order). No mandate to issue, decision not for publication. Alan E. Norris, Circuit Judge; Raymond M. Kethledge, Circuit Judge and Joan L. Larsen, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Jack Eugene Carpenter III
M.C.F.P. Springfield
P.O. Box 4000
Springfield, MO 65801

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. Henry Edward Moon III

<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-2031

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Jan 15, 2025
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  )  <br>  Plaintiff-Appellee,  )  <br>  )  <br> v.  )  <br>  )  <br> JACK EUGENE CARPENTER III,  )  <br>  )  <br>  Defendant-Appellant.  )  | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

<u>O R D E R</u>

Before: NORRIS, KETHLEDGE, and LARSEN, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

Jack Eugene Carpenter III was indicted in 2023 on a charge of making threatening interstate communications. An attorney with the Federal Public Defender's Office was appointed to represent him. Since the outset of the proceedings, Carpenter has raised claims that defense counsel is performing ineffectively and is operating under a conflict of interest. To that end, Carpenter filed several pro se motions to remove counsel. The government moved for a competency evaluation, which the district court granted. The district court also struck several of Carpenter's pro se motions to remove counsel. Carpenter appealed those orders. *United States v. Carpenter*, No. 23-1661 (6th Cir. July 20, 2023). Defense counsel entered a notice of appearance and remains counsel of record for the appeal.

In May 2024, the district court determined that Carpenter was not competent to stand trial and ordered him committed to the custody of the United States Attorney General for treatment to attempt to restore competency. The district court also denied the remaining motions to remove

counsel on the basis that they were filed pro se by an individual found to be legally incompetent. Carpenter's appeal has been held in abeyance pending completion of his treatment.

In September 2024, Carpenter's counsel filed a motion asking the district court for a finding on the status of Carpenter's representation. Counsel noted that, should the appeal survive after being removed from abeyance, counsel might have to assert issues relating to his own performance. Counsel asked the court to determine whether the interests of justice favored the replacement of counsel. On October 28, 2024, after a hearing, the district court ordered that current counsel remain the counsel of record. Carpenter has filed a pro se notice of appeal from that order.

This court may generally exercise jurisdiction only over final orders. 28 U.S.C. § 1291. This authority "includes appellate jurisdiction over 'a narrow class of decisions that do not terminate the litigation,' but are sufficiently important and collateral to the merits that they should 'nonetheless be treated as final.'" *Will v. Hallock*, 546 U.S. 345, 347 (2006) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). Under the collateral-order doctrine, non-final orders are immediately appealable if they "conclusively determine the disputed question; . . . resolve an important issue completely separate from the merits of the action; . . . [and are] unreviewable on appeal from a final judgment." *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

An order denying substitution of appointed counsel does not meet these criteria. Not only is it not conclusive, in that it is subject to reconsideration by the district court as the prosecution proceeds, but also it is reviewable on appeal after final judgment. *See United States v. Johnson*, 525 F.3d 648, 649 (8th Cir. 2008) (per curiam); *see also Flanagan*, 465 U.S. at 269 (finding that a disqualification order in a criminal proceeding does not qualify as an immediately appealable collateral order).

No. 24-2031
- 3 -

The appeal is therefore **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk