UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JACK EUGENE CARPENTER III,

        Defendant.
_____/

Case No. 23-cr-20152

Hon. Mark A. Goldsmith

## MOTION FOR ORDER AND EVALUATION PURSUANT TO 18 U.S.C. § 4246

The United States of America, through undersigned counsel, moves the Court for an order referring defendant Jack Eugene Carpenter III to the Bureau of Prisons for evaluation for civil commitment pursuant to 18 U.S.C. § 4246. Concurrence of this motion from counsel for the defendant was denied.

Respectfully Submitted,

JEROME F. GORGON JR.
United States Attorney

*s/ Frances Lee Carlson*
Frances Lee Carlson
Hank Moon
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9100
frances.carlson@usdoj.gov
hank.moon@usdoj.gov

Dated: June 12, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                            Case No. 23-cr-20152

v.

                                         Hon. Mark A. Goldsmith

JACK EUGENE CARPENTER III,

        Defendant.
_____/

# GOVERNMENT'S BRIEF IN SUPPORT OF MOTION FOR ORDER AND EVALUATION PURSUANT TO 18 U.S.C. § 4246

Defendant Jack Eugene Carpenter III has been evaluated for competency at two different federal medical facilities, both of which have diagnosed him with delusional disorder. The psychologist that most recently evaluated him during the period of restoration under 18 U.S.C. § 4241(d) found that Carpenter's competency to stand trial remains significantly impaired but could be restored to competency if the defendant were treated with antipsychotic medication. But so far, Carpenter has refused to take medication that would aid in the restoration of his competency so he remains incompetent to stand trial and the government does not believe involuntary medication is warranted here. *See Sell v. United States*, 539 U.S. 166 (2003).

The Court has scheduled a competency hearing for July 2, 2025. Based on Dr. Turner's report, the government believes that Carpenter remains incompetent to proceed with trial and is unlikely to be restored in the foreseeable future.

2

Accordingly, the government respectfully requests that the Court enter an order finding that Carpenter, for the reasons stated in Dr. Turner's report, is not competent to stand trial, making him "subject to" civil commitment proceedings. 18 U.S.C. § 4241(d). The government further requests that the Court order that Carpenter be committed for an evaluation under section 4246, so that appropriate Bureau of Prisons personnel can determine whether he is "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another[.]" 18 U.S.C. § 4246(a).

## I.  Relevant Procedural Background

Following a hearing on the government's motion for a competency determination, the Court found that Carpenter was not competent to stand trial and committed him to the custody of the Attorney General for placement in a suitable facility pursuant to 18 U.S.C. § 4241(d) to restore him to competency or determine if his competency was likely to be restored in the foreseeable future. (ECF No. 126, PageID.740). On April 17, 2025, the forensic evaluation report completed by Dr. Cynthia Turner at the end of the restoration period was submitted to the Court. Dr. Turner indicated that the symptoms of Carpenter's diagnosis— Delusional Disorder, Grandiose and Persecutory Types—"continue to interfere with his competency to stand trial, and he is substantially unlikely to be restored to

3

competency in the foreseeable future in the absence of antipsychotic medication. (Turner Report at 20). But, during the initial restoration period, Carpenter refused to take such medication while at FMC Springfield. (*Id.*). Dr. Turner states that the primary treatment for Carpenter's mental illness is antipsychotic medication and without it, he cannot be restored to competency. (*Id.*).

## II. Applicability of 18 U.S.C. § 4246

For its part, section 4241(d) contemplates an assessment for civil commitment in a situation like Carpenter's. Section 4241(d) states: "[i]f, at the end of the time period specified [for restoration of competency], it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." Here, the period of time for competency restoration has ended and Carpenter's mental condition remains unchanged. He is still incompetent to stand trial. Therefore, Carpenter, who has been committed to the custody of the Attorney General pursuant to section 4241(d), "is subject" to the provisions of section 4246. *See* 18 U.S.C. §§ 4241(d), 4246(a).

Prior to a "dangerousness" hearing under section 4246(a), a district court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court[.]" 18 U.S.C. § 4246(b). Section 4247(b) states that, for purposes of an examination

ordered under § 4246, the court may commit the person to be examined for a reasonable period not exceeding 45 days and for an additional 30 days upon a showing of good cause. While Carpenter has been evaluated twice for competency to stand trial, he has not been evaluated for purposes of civil commitment. In her report, Dr. Turner recommended that a mental health evaluation be conducted in order "to assess whether he suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." (Turner Report at 20). Based on the government's discussion with Dr. Turner, the "dangerousness" evaluation for purposes of civil commitment is a different evaluation than the evaluation conducted for purposes of determining competency to stand trial, and can only be conducted pursuant to a Court order.

## III. Conclusion

Based on the foregoing, the government respectfully moves the Court to enter an order referring the defendant for a civil commitment determination and committing him to the Bureau of Prisons for an evaluation under 18 U.S.C. § 4246(a).

                                                  Respectfully Submitted,

                                                  JEROME F. GORGON JR.
                                                  United States Attorney

                                                  *s/ Frances Lee Carlson*
                                                  Frances Lee Carlson
                                                  Hank Moon
                                                  Assistant United States Attorneys
                                                  211 W. Fort Street, Suite 2001
                                                  Detroit, Michigan 48226
                                                  (313) 226-9100
                                                  frances.carlson@usdoj.gov
                                                  hank.moon@usdoj.gov

Dated: June 12, 2025

## CERTIFICATE OF SERVICE

I certify that on Thursday, June 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

                                                  s/ *Frances Lee Carlson*
                                                  FRANCES LEE CARLSON
                                                  Assistant United States Attorney