UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.             Case No. 23-CR-20152
             HON. MARK A. GOLDSMITH
JACK EUGENE CARPENTER, III,

   Defendant.

_____/

**OPINION & ORDER REGARDING LOCATION FOR DANGEROUSNESS
EVALUATION AND COURT HEARING**

The Court's opinion and order granting the Government's motion for an evaluation on dangerousness pursuant to 18 U.S.C. § 4246 instructed the parties to submit a proposed order to carry out the Court's ruling.  11/14/25 Op. & Order at PageID.1647 (Dkt. 290).  The parties were unable to come to a complete agreement regarding the form of the order.  The Court then ordered the parties to file memoranda in support of their respective versions of the proposed order. 11/25/25 Order (Dkt. 295).  Both the Government and Defendant Jack Carpenter did so (Dkts. 302, 303).  For the reasons that follow, the Court finds that it has no authority to direct where the dangerousness evaluation should be conducted and the district court where Carpenter is confined should be the court to make any ruling on dangerousness.

**I. ANALYSIS**

Carpenter argues that his evaluation pursuant to § 4246 should take place locally and that any hearing on dangerousness should also occur locally.  Carpenter Br. at PageID.1681 (Dkt. 302). He asserts that United States v. Wheeler, 744 F. Supp. 633 (E.D. Pa. 1990) supports his position. Id.

The Court has already rejected Carpenter's position on the first issue.  See 11/14/25 Op. & Order at PageID.1646 ("Once an individual is placed into the custody of the Attorney General for purposes of a psychiatric or psychological examination, the Court has no discretion to order treatment in a particular setting.").

As to the second issue, Carpenter's argument contradicts the only plausible reading of the statute and goes against the weight of authority.  Both the statutory language and case law counsel that the hearing take place in the district where Carpenter is confined.

Section 4246(a) directs that "if the director of a facility in which a person is hospitalized certifies…[that the person] is presently suffering from a mental disease or defect," the director of the facility must "transmit the certificate to the clerk of the court for the district in which the person is confined."  A copy of the certificate must also be sent "to the clerk of the court that ordered the commitment."  Id.  "The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect…."  § 4246(a).  While "the court" in the last sentence is not defined, it seems sensible that the court that receives the original certificate, not the copy, be the court that holds the hearing.  Thus, the district where the individual is confined must conduct the hearing.

At least three appellate circuits—including the Sixth Circuit—agree with that reading.  See e.g., United States v. Baker, 807 F.2d 1315, 1324 (6th Cir. 1986) ("[A] certificate must be filed in, and a section 4246 hearing must be held in, the district in which the individual is confined, not the district in which he had initially been charged with an offense."); United States v. Lapi, 458 F.3d 555, 562 (7th Cir. 2006) ("Section 4246 provides that the Certificate of Mental Disease or Defect and Dangerousness shall be filed in the court in the district in which the person is confined….In the present case, Mr. Lapi was confined in Rochester, Minnesota, while in the custody of the

2

Attorney General; the appropriate court to conduct the dangerousness hearing, therefore, would be the District Court for the District of Minnesota." (punctuation modified)); United States v. Williamson, 161 F.4th 803, 810, n. 1 (D.C. Cir. 2025) ("The Court acknowledges that, if the director of FCI Butner files a certificate of dangerousness pursuant to 18 U.S.C. § 4246, the certificate must be transmit[ted] ... to the clerk of the court for the district in which the [defendant] is confined[,] 18 U.S.C. § 4246(a), and, thus, any dangerousness proceedings under 18 U.S.C. § 4246 would procced [sic] in that district rather than in this Court." (punctuation modified)).

Wheeler, a district court opinion at variance with a Sixth Circuit decision, has no persuasive value. Moreover, the question that the Wheeler court addressed was not which of two courts—the court in the charging district or the court in confining district—should conduct the dangerousness hearing. The question it answered was whether a court may proceed to a hearing on dangerousness when it was unclear whether the facility at which the defendant had been held had made a preliminary determination of dangerousness. 744 F. Supp. at 639.

The situation present in Wheeler is not present in this case. Unlike in Wheeler, it is clear here that there has been no certificate of dangerousness risk. Therefore, the procedures set out in the statute should move forward, with Carpenter being evaluated in a location chosen by the Attorney General, and any hearing on dangerousness being conducted in the district where he is confined.

## II. CONCLUSION

The parties must finalize and submit a proposed order consistent with the ruling set forth above within seven days.

**SO ORDERED.**

3

Dated: February 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager

4