TRULINCS 45173510 - CARPENTER, JACK EUGENE III - Unit: MIL-D-B

---

FROM: 45173510
TO:
SUBJECT:
DATE: 09/01/2026 01:27:22 PM

FILED
SEP 09 2026
CLERK'S OFFICE
DETROIT

United States District Court
Eastern District of Michigan
Southern Division

United States of America
Plaintiff,
vs.
Jack Carpenter
Defendant.
_____________________/ Case no: 23-cr-20152 Mark A Goldsmith

Motion for Relief of Judgment and Dismissal for Want of Jurisdiction

This issue is on appeal, and thus the District Court lacks jurisdiction to rule on this motion, however under Appellate rule 12.1 the Court can declare that it intends to rule on the motion, and inform Defendant so that he can request the question be remanded back to the lower court while the Circuit Court still retains jurisdiction. This did not occur during the existence of appeal 23-1661, meaning that the decision to send Defendant to M.C.F.P Springfield occurred when the Circuit court had jurisdiction over whether or not an 18 U.S.C. 4241(a) hearing was legally declared to be necessary as the fact that no reasonable belief existed under 4241(a) was a question in that appeal.

18 U.S.C. 4241(d) and (d)(1) states:

"If after the hearing, the Court finds... him mentally incompetent... the Court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility-... for such reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity for the proceedings to go forward."

Within this four month period:

1. The facility can issue a certificate of competency under 4241(e) and trigger a second hearing.

2. The Attorney General can request an extension under 4241(d)(2) and if the Court finds that the defendant will be restored within another period of time, not to exceed four months, that an extension is authorized.

3. The Court can dismiss the charges.

None of these occurred in the instant case. Instead, the time period "not to exceed four months" expired, and defendant was released from custody of the Attorney General, and the court did not dismiss the charges and continued to detain defendant in the ~~absent~~ absence of statutory authority.

"4241(d) does not permit an incompetent defendant to be held in uninterrupted custodial hospitalization unless a District Court finds, before the expiration of a defendant's initial term of 4241(d) confinement (which cannot exceed four months),

---

that circumstances warrant additional hospitalization pursuant to 4241(d)(2)(A). Thus when a defendant's term of 4241(d)(1) confinement expires, and no 4241(d)(2) order has yet been entered, the Attorney General lacks statutory authority to hold defendant in further custodial hospitalization." Magassoaba, 544 F.3d 387 (2nd Cir 2008)

This plainly means that after the initial period of 4241(d)(1) commitment expires, and no 4241(d)(2) order exists, a defendant is "no longer HOSPITALIZED" for treatment in a suitable facility under the law. They are returned to the custody of the US Marshal, and no case against them exists, they must be released.

18 U.S.C. 4246(a) plainly states:

"If the Director of a facility IN WHICH A PERSON IS HOSPITALIZED certifies that a person... who has been committed to the custody of the Attorney General pursuant to 4241(d)... is presently suffering from a mental disease or defect as a result of which his release would present a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the Clerk of the Court in which the person is confined..."

This requires:

1. A person to be HOSPITALIZED under 4241(d), either (d)(1) or (d)(2)(A)

2. The person is deemed a danger to others or property as the result of the mental illness by the Director of the facility IN WHICH A PERSON IS HOSPITALIZED

3. No State facility exists to take defendant

The government did not, and cannot explain why this was not done during the 4241(d)(1) commitment as clearly authorized by the statute. The government attempts to gloss over this defect by "reading into the statute" words that do not exist anywhere within it. They claim that 4246(a)states:

"or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person..."

This does not create statutory authority to "recommit" a defendant to do what can clearly be done during a 4241(d)(1) commitment. "If the Director of a facility in which a person IS hospitalized" creates two conditions for 4246(a):

1. The person IS in the facility already

2. And is there because of HOSPITALIZATION

Neither of these are true for defendant.

18 U.S.C. 4246(b) is clearly a non-mandatory evaluation that ~~M.C.F.P. Springfield~~ the Western District of Missouri could have ordered if, while in the facility under 4241(d)(1), the director issued a certificate. But an evaluation cannot happen "prior to the hearing" in 4246(a) unless a certificate has issued. It is clearly not a statute authorizing the Eastern District of Michigan to commit a

---

defendant for a dangerousness evaluation. No legitimate Judge would argue to the contrary, yet this one did.

This Court has simply been illegally detaining defendant absent the lawful authority to do so. No certificate of competency exists under 4241(e), the period of hospitalization ended under 4241(d)(1) and defendant was released from the custody of the Attorney General. and no certificate of dangerousness exists under 4246(a) which should have issued during the 4241(d)(1) commitment as 4246(a) clearly states.

This is all just icing on the cake though, as the court never had jurisdiction over this case at all. In a recent U.S. Supreme Court case Abouammo v. US, 146 S Ct. 1571(2026) the Supreme court interpreted Article 3 Section 2 Clause 3 and the 6th Amendment as it applied to 18 U.S.C. 1519 and found in a 9-0 opinion that a jury must be selected and trial "shall be held in the State where said crimes shall have been committed." The statute in that case made it unlawful to falsify a document to obstruct a federal investigation. As the act made unlawful is the physical act of falsifying the document, the trial must occur within the state where that act physically took place. 18 U.S.C. 875(c) retains a similar jurisdictional restriction placed upon it by Article 3 and the 6th Amendment in that the act made unlawful is the physical act of SENDING the communication in interstate or foreign commerce.

18 U.S.C. 875(c)states:

"Whoever TRANSMITS in interstate or foreign commerce any communication containing any threat... to injure the person of another."

Webster's New World Dictionary Fifth Edition pg 673

Transmit:

1. to cause to go to another person or place
4. to convey
5. to send out

The communication in the indictment was physically TRANSMITTED in Texas, not the Eastern District of Michigan. Every order of this court is void for want of jurisdiction as it is is barred from Article 3 Section 2 Clause 3 and the 6th Amendment from exercising jurisdiction over an alleged act that if it is illegal would only be able to hold a trail within the State of Texas.

In Case Jack Carpenter v. Mark A Goldsmith 25-cv-10940 Judge Michelson acknowledged as a judicial fact that a new nation named "Liberland" declared itself to exist" via a Declaration of Sovereign Independence. She makes the mistake of thinking this means that Mr. Carpenter can move to Liberland when his criminal case is over: "When Mr. Carpenter's criminal case is over, he may choose to exercise his right to self-determination and relocate to a new nation like

---

"Liberland" However, relocating is called "expatriation". But this proves Defendant's theory of the law that the Kingdom of Heaven "declared itself to exist" just as Liberland did, and therefore is a legal fact that it exists.

Under the Law of Nations Liberland divested its Sovereignty into the Office of Prime Minister, and under the Law of Nations the US would be required to acknowledge that the Prime Minister of Liberland is immune from US Courts. Under the same premise the Kingdom of Heaven divested its Sovereignty into the Office of Monarch, and under the Law of Nations the court is duty bound to acknowledge that Mr. Carpenter who holds this office is immune from US Courts. We know this because the AUSA filed the Declaration of Sovereign Independence in this case, and settles the dispute for the Court that this nation exists, and Mr. Carpenter is the Monarch of that nation.

Under the Law of Nations explained in the Schooner Exch. v. McFaddon, 7 Cranch, 116 and its progeny, this is the only lawful conclusion of the facts this court must acknowledge. "The Court may take judicial notice of the fact that defendant is a government in which the United States is not on friendly terms and which it has not recognized" (U.S> v. Palmer, 3 Wheat 610; The Divian Pastora, 4 Wheat 52; Neuva Anna, 6 Wheat, 193; Oetjen v. Central Leather Co, 246 U.S. 297; Emporer of Austria v. Day, 3 De. G. F. & J. 217; Republic of Peru v. Peruvian Guano Co, 36 Ch. Div. 489; Republic of Peru v. Dreyfus, 38 Ch Div. 348; Taylor v. Barclay, 2 Sim. 213; Rose v. Himley, 4 Cranch, 241; Jones v. U.S., 137 U.S. 202) The Court is duty bound to recognize that, like Liberland, the Kingdom of Heaven declared itself to exist, just like the United States on July 4th, 1776.

In no shock to Scripture, a Jewish judge has spent 3 1/2 years abusing the law to declare a person with the legal title "The King of Israel" is insane, and should be incarcerated indefinitely without a trial.

Jack Carpenter

Jack Carpenter
NAME

45173510
REG. NO.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

METROPLEX MI 480
3 SEP 2026 AM 9 L

RECEIVED
SEP 09 2026
CLERK'S OFFICE
DETROIT

U.S. MARSHALS

Clerk of the Court of
Mark A. Goldsmith
231 W. Lafayette blvd. 5th Fl.
Detroit, MI 48226

Legal Mail

48226-277758

Legal Mail

92/1/6